1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
# SOUTHERN DISTRICT OF CALIFORNIA
10

11  TYRONE ROGERS,
    CDCR #V-35389,
12
                                    Plaintiff,
13
14
15                    vs.
16
17
18  G.J. GIURBINO; DOMINGO URIBE, Jr.;
    UNKNOWN, AGPA; R. BRIGGS;
19  D. FOSTON;
20
                                    Defendants.
21
22
23

Civil No.    11cv0560 IEG (RBB)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2];**

**(2) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; and**

**(3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b);**

24      Tyrone Rogers, a state prisoner currently incarcerated at Centinela State Prison located

25  in Imperial, California, and proceeding pro se, have submitted a civil action pursuant to 42

26  U.S.C. § 1983. In his Complaint, Plaintiff has also submitted a request for appointment of

27  counsel.  (*See* Compl. at 8.)  Additionally, Plaintiff has filed  a Motion to Proceed *In Forma*

28  *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### CLASS ACTION CLAIMS

As an initial matter, Plaintiff has labeled his Complaint a "class action" and refers to himself as "Lead" Plaintiff. (Compl. at 1.) However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other

1  paper shall be signed by at least one attorney of record in the attorney's original name, or if the

2  party is not represented by an attorney, shall be signed by the party."). Here, while Plaintiff

3  purports to bring this action on behalf of an unidentified class, he may not do so.

### IV.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

6      Notwithstanding IFP status or the payment of any partial filing fees, the Court must

7  subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

8  and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a

9  claim upon which relief may be granted, or seeking monetary relief from a defendant immune

10  from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

11  2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

12  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

13  only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that

14  fails to state a claim).

15      Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

16  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as

17  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to

18  the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing

19  the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at

20  845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

21  1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

22  process is made on the opposing parties").

23      "[W]hen determining whether a complaint states a claim, a court must accept as true all

24  allegations of material fact and must construe those facts in the light most favorable to the

25  plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

26  (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

27  *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

28  pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, Plaintiff makes generalized claims regarding alleged constitutional violations but fails to identify any specific factual allegation that would link any of the named Defendants to an action that related directly to Plaintiff.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A person deprives another of a constitutional right under section 1983, where that person "'does an affirmative act, participates in another' s affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007)  (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Id.* (citing *Johnson*, 588 F.2d at 743-44).

Here, Plaintiff fails to allege facts sufficient to show that any of these named Defendants were personally involved in the alleged deprivation of his civil rights.  Moreover, he appears to seek to hold some of these Defendants liable in their supervisory capacity.   However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

### A.   Religious Claims

#### 1.   First Amendment and RLUIPA claims

In his Complaint, Plaintiff alleges that prison officials have "violated Plaintiff's right to attend religious services." (Compl. at 4.) However, Plaintiff offers no other specific factual allegations nor does he clarify whether he intends to bring these claims under the First Amendment or pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

As to either Plaintiff's potential First Amendment or RLUIPA claims, he fails to allege facts sufficient to state a claim. "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose*

*Christian College*, 360 F.3d at 1034.  The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise.  *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.").).   Here, Plaintiff has only referenced a failure to attend an unspecified "religious service."  (Compl. at 4.) Thus, Plaintiff has alleged no facts on which to base either a First Amendment or RLUIPA claim.

### B.   Outdoor Exercise claims

Plaintiff also appears to allege that he was denied outdoor exercise of a few occasions during lockdowns that lasted for only a few days with each occurrence.  (*See* Compl. at 3.) "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force.  The whole point of the amendment is to protect persons convicted of crimes." *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981).  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).  "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the

minimal civilized measure of life's necessities." *Id.*  This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." *Allen*, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835.  Finally, the Court must analyze each claimed violation in light of these requirements, for Eighth Amendment violations may not be based on the "totality of conditions" at a prison.  *Hoptowit*, 682 F.2d at 246-47; *Wright*, 642 F.2d at 1132.

In *Spain*, the court stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." *Spain*, 600 F.2d at 199. A temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional violation.  *See Lopez v*, 203 F.3d at 1122 (complete denial of outdoor recreation for six and one half weeks was sufficient to satisfy the objective requirement).   Here, it appears that the deprivation of outdoor exercise only lasted for a few days.   In addition, Plaintiff must also allege that Defendants acted with "deliberate indifference to an excessive risk to inmate health." *Farmer,* 511 U.S. at 837.  Plaintiff has failed to allege that any of the named Defendants acted with "deliberate indifference."  In fact, Plaintiff makes no reference to any specific Defendant with regard to this Eighth Amendment claim.   Thus, if Plaintiff chooses to file an Amended Complaint, he must specifically identify those Defendants whom he claims acted with "deliberate indifference" to his Eighth Amendment right.

## C.    Access to Courts

Plaintiff further alleges that he was denied access to the prison's law library during the lockdowns but offers no other specific factual allegations with regard to this claim.  Prisoners do "have a constitutional right to petition the government for redress of their grievances, which

1    includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325

2    (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  In *Bounds*, 430

3    U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the

4    courts requires prison authorities to assist inmates in the preparation and filing of meaningful

5    legal papers by providing prisoners with adequate law libraries or adequate assistance from

6    persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish

7    a violation of the right to access to the courts, however, a prisoner must allege facts sufficient

8    to show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of

9    confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.

10   *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice

11   with respect to contemplated or existing litigation, such as the inability to meet a filing deadline

12   or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994);

13   *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th

14   Cir. 1996).

15       Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded*

16   his pursuit of  a non-frivolous direct or collateral attack upon either his criminal conviction or

17   sentence or the conditions of his current confinement.  *See Lewis*, 518 U.S. at 355 (right to

18   access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly

19   or collaterally, and ... to challenge the conditions of [his] confinement.").  In addition, Plaintiff

20   must  also  describe  the  non-frivolous  nature  of  the  "underlying  cause  of  action,  whether

21   anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) .

22       In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that

23   he was "so stymied" by any individual defendant's actions that "he was unable to even file a

24   complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,

25   518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ...

26   the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show

27   that the 'arguable' nature of the underlying claim is more than hope.").  Therefore, Plaintiff's

28   access to courts claims must be dismissed for failing to state a claim upon which section 1983

1    relief can be granted.  *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

2         Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

3    upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

4    §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend

5    his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint

6    fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and

7    without leave to amend.

8                                          **V.**

9                            **CONCLUSION AND ORDER**

10        Good cause appearing, **IT IS HEREBY ORDERED** that:

11        1.     Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

12        2.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

13   **GRANTED**.

14        3.     The Secretary of California Department of Corrections and Rehabilitation, or his

15   designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

16   owed in this case by collecting monthly payments from the account in an amount equal to twenty

17   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

18   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

19   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

20   ASSIGNED TO THIS ACTION.

21        4.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

22   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

23   Sacramento, California 95814.

24        **IT IS FURTHER ORDERED** that:

25        5.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

26   §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

27   from the date this Order is "Filed" in which to file a First Amended Complaint which cures all

28   the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in

itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:   4/20/11

HON. IRMA E. GONZALEZ, **Chief Judge**
United States District Court