# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS, CDCR #V-35389,<br><br>   Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO; DOMINGO URIBE, Jr.; KUZIL-RUAN; B. NARVIS;<br><br>   Defendants. | Civil No.   11cv0560 IEG (RBB)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; and**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

I.

**PROCEDURAL HISTORY**

On March 21, 2011, Tyrone Rogers, a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Request for Appointment of Counsel. On April 20, 2011, the Court granted Plaintiff's Motion to Proceed IFP, denied his Request for

Appointment of Counsel and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Apr. 20, 2011 Order at 10-11. The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On May 31, 2011, Plaintiff filed his First Amended Complaint ("FAC"), along with a second Motion to Appoint Counsel.

## II.

### REQUEST FOR APPOINTMENT OF COUNSEL

Once again, Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
2  § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.
3  2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to
4  sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

5  Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
6  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
7  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
8  the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing
9  the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at
10 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.
11 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of
12 process is made on the opposing parties").

13 "[W]hen determining whether a complaint states a claim, a court must accept as true all
14 allegations of material fact and must construe those facts in the light most favorable to the
15 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
16 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");
17 *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's
18 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
19 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
20 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the
21 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
22 *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

23 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
24 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
25 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
26 United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122
27 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).
28 / / /

While Plaintiff may have alleged facts sufficient to survive the sua sponte screening process as to his religious claims, he has failed to allege facts sufficient to state a claim as to the other alleged constitutional violations.

### B.     Outdoor Exercise claims

Plaintiff appears to allege that he was denied outdoor exercise for a period of approximately ten days on three separate occasions. (*See* FAC at 5.) "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force. The whole point of the amendment is to protect persons convicted of crimes." *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted). The Eighth Amendment, however, is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347. This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.* This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

/ / /

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835. Finally, the Court must analyze each claimed violation in light of these requirements, for Eighth Amendment violations may not be based on the "totality of conditions" at a prison. *Hoptowit*, 682 F.2d at 246-47; *Wright*, 642 F.2d at 1132.

In *Spain*, the court stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." *Spain*, 600 F.2d at 199. A temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional violation. *See Lopez v*, 203 F.3d at 1122 (complete denial of outdoor recreation for six and one half weeks was sufficient to satisfy the objective requirement). Here, as the Court stated in its previous Order, it appears that the deprivation of outdoor exercise only lasted for a few days. Thus, the Court finds that Plaintiff has failed to allege facts sufficient to state an Eighth Amendment claim.

### C. Access to Courts

Plaintiff alleges that he was denied access to the courts when his request for law library access was rejected. (*See* FAC 5.) As a result, his petition for writ of habeas corpus pending at the Ninth Circuit Court of Appeals was denied. (*Id.*) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded,

and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."). In addition, Plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) .

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, Plaintiff states that his access to courts claim is premised on an action he filed in the Ninth Circuit Court of Appeals. (*See* FAC at 5.) Plaintiff refers to his petition for writ of habeas corpus filed in *Rogers v. Giurbino*, No. 07-56731 (9th Cir. 2007). In that action, on September 18, 2008, an Order was entered in which Plaintiff's "request for rehearing en banc" was denied and the Order stated "[n]o further filings shall be accepted in this closed case." *Id.*, (Order dated Sept. 18, 2008). Plaintiff claims in his First Amended Complaint that the rejection of law library access in 2010 somehow impacted this matter which the Ninth Circuit closed in 2008 and prohibited Plaintiff from any further filings. Plaintiff cannot show that his attempts to file additional claims in this closed case is "non-frivolous" and therefore, he cannot state an access to courts claim. *Christopher*, 536 U.S. at 415.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,

518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted without leave to amend. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Accordingly, the Court finds that Plaintiff's outdoor exercise claims and access to courts claims fail to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff can attempt to allege facts to overcome the deficiencies of pleadings with regard to his Eighth Amendment claims and re-allege his religious claims by filing a Second Amended Complaint. Plaintiff may also choose to file a Second Amended Complaint containing only his claims which the Court has found survive the sua sponte screening process.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

/ / /

1  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3.  The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 6/7/11

*Irma E. Gonzalez*

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court