# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br>CDCR #J-45685,<br><br>         Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO; DOMINGO URIBE, JR.;<br>R. BRIGGS; D. FOSTON; P. KUZIL-<br>RUAN; ,<br><br>         Defendants. | Civil No. 11cv0560 IEG (RBB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 13]** |

  Currently before the Court is Plaintiff's "Motion to Appeal the Dismissal of Claims Due to Failure to State a Claim" which the Court has construed as a Motion for Reconsideration of the Court's dismissal of claims in the August 9, 2011 Order.

## I.
## Procedural History

  On March 21, 2011, Plaintiff filed his original Complaint [ECF No. 1], along with a Motion to Proceed *in forma pauperis* ("IFP"). The Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* Apr. 20, 2011 Order at 10-11. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the

Court's Order. *Id.* On May 31, 2011, Plaintiff filed his First Amended Complaint. Once again, the Court conducted a sua sponte screening and dismissed Plaintiff's First Amended Complaint with leave to amend. *See* June 7, 2011 Order at 7-8. Plaintiff filed his Second Amended Complaint on July 12, 2011. The Court ultimately dismissed Plaintiff's Eighth Amendment outdoor exercise claims and access to courts claims without leave to amend but directed the United States Marshal's Service to effect service of the remaining religious claims on the remaining Defendants. *See* August 9, 2011 Order at 7-8. On Spetember 20, 2011, Plaintiff filed a Motion to Reconsider the dismssal of these claims.

## II.

## Plaintiff's Motion

### A.   Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B.   Plaintiff's Arguments

Plaintiff's arguments, while not entirely clear, appear to rest on his assertion that the Court erred in dismissing Plaintiff's outdoor exercise claims because prison officials used a frivolous basis to implement lockdowns that resulted in a loss of outdoor exercise time. Plaintiff also claims that the Court "failed to address Plaintiff's second ground of invalid penological interest." (*See* Pl.'s Mot. at 1; *citing Turner v. Safley*, 482 U.S. 78 (1987)). As set forth, at length, in the Court's previous screening Orders, a "penological interest" is not an element to either an Eighth Amendment outdoor exercise claim or an access to courts claim. While Plaintiff claims in his motion that prison officials used an invalid reason to impose a lockdown, he still must allege facts sufficient to state an Eighth Amendment claim. Plaintiff was given several chances to amend his pleading as instructed in the Court's previous Orders. Plaintiff's Motion

1 provides no new basis or facts from which this Court could find that reconsideration is
2 appropriate.
3    In sum, a motion for reconsideration cannot be granted merely because Plaintiff is
4 unhappy with the judgment, frustrated by the Court's application of the facts to binding
5 precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright &
6 Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v.*
7 *Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff
8 has failed to show that the Court rendered a "manifestly unjust decision," and has further failed
9 to identify any intervening changes in controlling law which justify reconsideration of the
10 Court's Order. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per
11 curiam); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.
## Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration re Order Dismissing Claims [ECF No. 13] is **DENIED.**.

**IT IS SO ORDERED.**

DATED: 9/28/11

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court