# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS, CDCR #V-35389,<br><br>                    Plaintiff,<br><br>       vs.<br><br>G.J. GIURBINO; D. URIBE; P. KUZIL-RUAN; B. NARVIS,<br><br>                    Defendants. | Civil No.   11cv0560 IEG (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO APPOINT COUNSEL**<br><br>**(ECF Nos. 37, 39)** |

## I.   PROCEDURAL HISTORY

On February 14, 2012, the Court granted in part and denied in part a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) (ECF No. 33).

Specifically, the Court found Plaintiff failed to state a First or Fourteenth Amendment claim, and failed to allege any claim for relief as to Defendants Giurbino and Uribe. *See* Feb. 14, 2012 Order at 6-10, 16-17.  However, the Court found Plaintiff had sufficiently alleged a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Defendant Kuzil-Ruan, and denied his claim to qualified immunity. *Id.* at 10-14, 17-21.  Accordingly, only Defendant Kuzil-Ruan was directed to file an Answer. *Id.* at 22.

On March 15, 2012, Plaintiff filed a Motion to Appoint Counsel (ECF No. 37) and a Motion seeking reconsideration of the Court's February 14, 2012 Order (ECF No. 38).

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(3)(A) because he is "possibly facing opposition of the Defendants issuing ... requested discover[y] and interrogatories." (Pl.'s Mot. at 2.) Because this provision of the Criminal Justice Act does not apply to a prisoner who is not challenging either the imposition or execution of his sentence, *see* 18 U.S.C. § 3006(a)(1), and Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 3), the Court liberally construes his request to arise under 28 U.S.C. § 1915(e)(1). *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court concedes that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative

complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

In this case, the Court finds the RLUIPA claim against Defendant Kuzil-Ruan which has already survived Defendants' Motion to Dismiss is relatively straightforward and involves only one Defendant. In addition, Plaintiff's pleadings and motions in this case demonstrate his understanding of both the procedural and legal issues presented and an ability to articulate facts in support of his claim. Therefore, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.  PLAINTIFF'S MOTION FOR RECONSIDERATION

#### A.  Standard of Review

If a motion to reconsider is filed within [28] days of the district court's order on the motion to strike and/or dismiss, the court will treat the motion as a Rule 59(e) motion.[1] *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (citing *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005)). A Rule 59(e) motion is properly granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205,

---

[1] Federal Rules of Civil Procedure 59(b) and 59(e) provide that the time for filing a motion for new trial or to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(b), (e). Here, Plaintiff's Motion for Reconsideration is timely because, while it was not received by the Court until March 15, 2012, it is signed and dated March 12, 2012 (ECF No. 39 at 6). Under what has come to be known as the "mailbox rule," § 1983 complaints and motions filed by pro se prisoners are considered filed on the date they are delivered to prison authorities for forwarding to the district court. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 270-72, 276 (1988); *Caldwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994)).

206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). Most significantly in relation to Plaintiff's case, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)).

### B. Application to Plaintiff's Case

Plaintiff seeks reconsideration of the Court's February 14, 2012 Order to the extent it dismissed his First Amendment claims and all claims against Defendants Giurbino and Uribe (ECF No. 39). Specifically, Plaintiff re-alleges the lockdowns at issue were "wanton" and that he requires discovery to "capitalize on the fact" that they served no legitimate objective. (*Id.* at 3-4.) As to Defendants Giurbino and Uribe, Plaintiff claims his allegations were not merely "consistent with" a theory of personal liability, and he should therefore be permitted to engage in discovery to "prove Defendants' presumptuous plan." (*Id.* at 5.)

The Court finds Plaintiff's motion must be denied because he has failed to satisfy any of the FED.R.CIV.P. 59(e) factors supporting reconsideration. See *Dixon* 336 F.3d at 1022. First, Plaintiff has not presented any newly discovered evidence–nor could he when seeking reconsideration of a motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(6). *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss."). Second, Plaintiff has not demonstrated that the Court's February 14, 2012 Order constituted "clear error" or that it was "manifestly unjust" simply because he disagrees as to the sufficiency of his allegations. *See Dixon*, 336 F.3d at 1022. Finally, Plaintiff has not pointed to any intervening change in controlling law. *Id.*

Instead, Plaintiff merely appears to object to the dismissal of his claims–pointing to the "carefully used words" he used to "illustrate" Defendants' "wanton" actions. (Pl.'s Mot. at 3.) As set forth in its February 14, 2012 Order, however, while allegations of material fact alleged in a pleading are taken as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to survive a motion

to dismiss, Plaintiff must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Without further factual enhancement," a claim of wantonness is a mere legal conclusion, which "is not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 557.)

Finally, to the extent Plaintiff suggests his First Amendment and all claims as to Defendants Giurbino and Uribe should not have been dismissed without first permitting discovery (ECF No. 39 at 4), "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed on the discovery process." *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process ...").

In sum, Federal Rule of Civil Procedure 59(e) does not permit reconsideration merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2009) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

## IV.

### CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's Motions for Reconsideration and to Appoint Counsel (ECF Nos. 37, 39) are DENIED.

DATED: April 2, 2012

_____
HON. IRMA E. GONZALEZ
United States District Judge