UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>                             Plaintiff,<br>v.<br>G.J. GIURBINO et al,<br><br>                            Defendants. | Case No.: 11cv560 WQH (RBB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE [ECF NO. 135]** |

      Plaintiff Tyrone Rogers, a state prisoner proceeding pro se and in forma pauperis, submitted "Rogers' Ex Parte Application for Protective Order Staying Defendants' Motion to Dismiss the Third [Amended] Complaint Pending a Ruling on [Motion to] Compel Discovery" (the "Ex Parte"), which was filed nunc pro tunc to February 22, 2016 [ECF No. 135]. On March 7, 2016, Kuzil-Ruan filed an "Opposition to Ex Parte Application for Protective Order Staying Kuzil's Motion to Dismiss the Third Amended Complaint" [ECF No. 137]. Plaintiff filed his reply on May 25, 2016 [ECF No. 141]. For the reasons discussed below, the Ex Parte [ECF No. 135] is **DENIED**.

## I. FACTUAL BACKGROUND

      The allegations that form the basis of Rogers's lawsuit arise from events that began in March of 2010 while Plaintiff was incarcerated at Centinela State Prison ("Centinela"). (Third Am. Compl. 1, ECF No. 128.) In the Third Amended Complaint, Rogers contends

that the Defendants violated his rights under RLUIPA and the First Amendment. (Id. at 3-5.) Plaintiff alleges that Giurbino and Uribe adopted a Staff Redirection Plan that caused prison lockdowns. (Id. at 3-4.) The lockdowns caused him "to [miss] attending his scheduled religious services on any given lockdown day without a compelling government interest and without the least restrictive means to further that interest." (Id. at 4.) Rogers asserts that Defendants placed a substantial burden on his right to religious exercise "by not allowing Rogers to fellowship with other protestant faith inmates in the chapel for group study, group worship services, and group prayer service Sunday through Saturday." (Id.) Plaintiff maintains that he presently suffers from these violations because he has still not completed a four-year seminary program that began in 2010 because of the rolling lockdowns. (Id.)

In addition to the rolling lockdowns, Rogers appears to contend that on three separate occasions he was prevented from attending group worship, group bible study, and group prayer service for ten days respectively because scissors, ammunition, and a dental tool went missing, prompting the prison to be locked down. (See id. at 5.) He appears to only blame Kuzil-Ruan for the first of these occurrences, but he asserts that these incidents were reported to Uribe and Giurbino, who "chose not to correct their subordinates." (Id.) He requests injunctive relief and damages. (Id. at 7.)

## II. PROCEDURAL BACKGROUND

This case has a long procedural history. Plaintiff's original Complaint was filed on March 21, 2011 [ECF No. 1]. United States District Court Judge Irma E. Gonzalez issued an order sua sponte dismissing Rogers's Complaint for failure to state a claim [ECF No. 3]. Plaintiff filed his First Amended Complaint on May 31, 2011 [ECF No. 5], but this pleading was also sua sponte dismissed by Judge Gonzalez for the same reason [ECF No. 7]. Rogers filed his Second Amended Complaint on July 12, 2011 [ECF No. 8]. There, he stated causes of action against Defendants Giurbino, Uribe, Kuzil-Ruan, and Narvis under RLUIPA, the First Amendment, the Eighth Amendment, and the Fourteenth Amendment. (Second Am. Compl. 2-8, ECF No. 8.) Judge Gonzalez issued

1  an order sua sponte dismissing Plaintiff's Eighth Amendment and access to courts claims
2  and dismissing Defendant Narvis from the litigation.  (Order Dismissing Claims 7, ECF
3  No. 9.)
4  　　　　Defendants Uribe, Kuzil-Ruan, and Giurbino filed a motion to dismiss Rogers's
5  Second Amended Complaint on October 31, 2011 [ECF No. 18].  Judge Gonzalez
6  granted this motion in part and denied it in part on February 14, 2012 [ECF No. 33].  She
7  granted the motion as to Plaintiff's claims under the First and Fourteenth Amendments,
8  dismissed all claims against Defendants Giurbino and Uribe, and denied the motion to
9  dismiss Rogers's RLUIPA claims.  (Order re:  Mot. Dismiss Second Am. Compl. 21,
10 ECF No. 33.)  Defendant Kuzil-Ruan answered on February 27, 2012 [ECF No. 34].
11 Plaintiff filed a motion to compel discovery on April 5, 2012 [ECF No. 42].  The Court
12 issued an order granting in part and denying in part this motion [ECF No. 67].  On
13 November 13, 2012, Defendant Kuzil-Ruan moved for summary judgment [ECF No. 74].
14 Judge Gonzalez granted summary judgment in favor of Kuzil-Ruan on February 26, 2013
15 [ECF No. 96].
16 　　　　Rogers appealed several of the Court's orders [ECF No. 100], and on August 31,
17 2015, the Ninth Circuit issued an order affirming in part, reversing in part, and vacating
18 in part Judge Gonzalez's decisions [ECF No. 112].  Of relevance here, the Ninth Circuit
19 directed the district court to allow Rogers the benefit of its grant of his motion to compel
20 discovery.  (Rogers v. Giurbino, No. 13-55527, order at 8-10 (9th Cir. Sept. 23, 2015),
21 ECF No. 112.)  This Court subsequently issued an order stating that "to the extent the
22 Defendant has not done so already, Kuzil-Ruan shall respond to the discovery ordered by
23 December 30, 2015."  (Mins. 1, Nov. 25, 2015, ECF No. 127.)  Plaintiff filed the Third
24 Amended Complaint on January 19, 2016 [ECF No. 128].  On February 1, 2016,
25 Defendants Giurbino and Uribe filed a motion to dismiss the Third Amended Complaint
26 [ECF No. 129].  Defendant Kuzil-Ruan also filed a motion to dismiss the Third Amended
27 Complaint the same day [ECF No. 131].
28 //

## III.  LEGAL STANDARD

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable.  Id.  Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978) (footnote omitted) (discussing relevance to a claim or defense, although decided under 1978 version of Rule 26 that authorized discovery relevant to the subject matter of the action (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947))).  Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery.  Fed. R. Civ. P. 37(a)(3)(B).  The party opposing discovery bears the burden of resisting disclosure.  Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

## IV.  DISCUSSION

In the Ex Parte, Rogers appears to request that a ruling on the motions to dismiss be stayed pending an order from the Court compelling Defendants to produce discovery as a result of their alleged failure to comply with orders by the Ninth Circuit and this Court.  (See Ex Parte Appl. 1, ECF No. 135.)  Plaintiff indicates that the Defendants produced discovery in response to those orders, but he complains that this production falls short as to his document requests five, eight, and nine.  (Id. at 2.)

> As to document No. 5, Defendant[s] claim not to provide the officer's names associated with the lost canister, document No. 8, Defendants claim that no evidence exist[s] concerning the name of the medical officer who lost the medical scissor[s] nor, did Defendants provide the name of the dentist [who lost] a dental tool requested in document No. 9.

(Id.)  He maintains that although he received 145 pages of documents, only nine of those pages were not duplicative.  (Id.)

Rogers contends that Defendants have defied both the order from the Ninth Circuit and this Court's order regarding production of this discovery.  (Id. at 4-5.)  As a result, he

argues his motion for a stay should be granted until they produce the names and addresses he seeks in requests five, eight, and nine. (Id. at 5.) He asserts that for Defendants to only produce the status reports authorizing the lockdowns in response to his discovery requests "allows the Defendants an advantage over Rogers' alleged claim that Defendants['] actions were wanton and without a compelling government interest and without the least restrictive means to further that interest." (Id. (citations omitted).) Plaintiff concludes that either rulings on the motions should be stayed or Defendants should be required to settle his claims. (Id.)

Only Defendant Kuzil-Ruan filed an opposition to Plaintiff's Ex Parte [ECF No. 137]. There, she maintains that the Ex Parte should be denied because the documents sought by Rogers are either nonexistent or are not within her custody and control. (Opp'n Ex Parte Appl. 2, ECF No. 137.) With regard to request number five, Kuzil-Ruan contends that the Court actually denied Plaintiff's motion to compel further responses to this request. (Id. at 3.) She also argues that in response to this Court's November 25, 2015 Order, she supplemented her responses to requests eight and nine by stating, "'Despite a good faith search, defendant has been unable to locate any documents containing the requested information.'" (Id.) She adds that "the identity of the people who lost the dental tool or scissors is wholly irrelevant to the issue of whether plaintiff's constitutional rights were denied." (Id.)

Rogers responds that his "ex parte application should not be denied on the grounds that the documents are [nonexistent] or not within Defendants' custody and control." (Reply Opp'n Ex Parte Appl. 2, ECF No. 141.) He appears to contend that all three Defendants have failed to produce responsive documents to these three requests for production. (Id.) Plaintiff argues that there are certain forms that must be completed by prison officials when there is a state of emergency within the prison. (Id. at 3.) He reasons that if there is no paper trail relating to these lockdowns, there must not have been a compelling government interest for them. (See id.) Rogers asserts that all three Defendants had custody and control of the documents he seeks before they retired, so he

5

assumes they still have custody and control of these documents now that they have retired.  (See id. (citations omitted).)  He concludes that his "ex parte application should be granted to force Defendants to settle."  (Id.)

At the outset, "[t]he Court cannot force a party to settle . . . ." Dan River, Inc. v. Crown Crafts, No. 98–CIV. 3178 LMM AJP, 1999 WL 287327, at *2 (S.D.N.Y. May 7, 1999) (footnote omitted).  As a result, to the extent Rogers seeks this remedy in the Ex Parte, this request is **DENIED**.  Addressing the remainder of the Ex Parte, the Court first notes that Plaintiff's original motion to compel a further response to request number five was denied.  (See Order Granting Part Den. Part Pl.'s Mot. Compel Disc. 20, ECF No. 67.)  The ruling from the Ninth Circuit did not alter this portion of the Court's order.  (See Rogers v. Giurbino, No. 13-55527, order at 10 (9th Cir. Sept. 23, 2015), ECF No. 112.)  Consequently, Plaintiff's request that Defendants produce further responsive documents to request for production number five is **DENIED**.

Regarding requests for production eight and nine, Defendants cannot be ordered to produce documents that are not in their possession or are non-existent.  See 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][a], at 34-73 (3d ed. 2016) (footnote omitted) ("[A] party may not be compelled to produce items that are not within either its possession, its custody, or its control."); Baker v. Solano Cty., No. 2:10–cv–1811 KJN P, 2011 WL 2144416, at *1 (E.D. Cal. May 31, 2011) ("[P]laintiff is advised that defendants are not required to produce documents that do not exist.").  But if a responding party contends that documents are not in its custody or control, the court may require more than a simple assertion to that effect.  See 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][a], at 34-74 – 34-75 (footnote omitted); see also Schwartz v. Marketing Publ'g Co., 153 F.R.D. 16, 21 (D. Conn. 1994) (citing cases establishing that the absence of possession, custody, or control of documents that have been requested must be sworn to by the responding party).

Here, following the Court's November 2015 Order, Defendant Kuzil-Ruan indicated to Plaintiff that she could not find responsive documents.  (Opp'n Ex Parte

Appl. 3, ECF No. 137.)  If the requested documents do not exist, she must state so under oath.  7 James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34-57 (footnote omitted); see Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("If there are no other responsive documents in Defendant's possession, custody, or control, after conducting this further attempt to locate records, Ochoa must state so under oath and describe efforts he made to locate responsive documents." (citing Vazquez–Fernandez v. Cambridge Coll., 269 F.R.D. 150, 155 (D.P.R. 2010))); see also Schwartz, 153 F.R.D. at 21.  Neither the Plaintiff nor the Defendant has provided the Court with a copy of the responses Kuzil-Ruan served on Rogers, it is unclear whether those responses were under oath.  As a result, to the extent she has not done so, Defendant Kuzil-Ruan must provide a declaration to Plaintiff stating under oath that she does not have any responsive documents to Rogers's requests eight and nine in her custody or control.  She must do so by <u>August 1, 2016</u>.

The Court is ordering Kuzil-Ruan to serve a sworn declaration regarding Plaintiff's requests for production eight and nine; however, Rogers has not provided the Court with any basis for staying rulings on the motions to dismiss.  In any event, in light of this Court's ruling on Rogers's discovery requests, there is no basis to stay any ruling on Defendants' motions to dismiss.  Accordingly, the Ex Parte [ECF No. 135] is **DENIED**.

## V.  CONCLUSION

For the reasons discussed above, Plaintiff's Ex Parte [ECF No. 135] seeking discovery and other relief is **DENIED**.

IT IS SO ORDERED.

DATED: July 18, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge

cc: Judge Hayes
All Parties of Record