1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| TYRONE ROGERS, | CASE NO. 11cv560 WQH (RBB) |
| Plaintiff, | ORDER |
| v. | |
| G.J. GIURBINO, et al, | |
| Defendants. | |

14 HAYES, Judge:

15      The matter before the Court is the review of the Report and Recommendation
16 (ECF No. 145) issued by United States Magistrate Judge Ruben B. Brooks.

17 **I. Background**

18      On March 21, 2011, Plaintiff, a state prisoner proceeding *pro se*, initiated this
19 case by filing a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 20,
20 2011, United States District Judge Irma E. Gonzalez issued an Order sua sponte
21 dismissing Plaintiff's Complaint for failure to state a claim. (ECF No. 3).

22      On May 31, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 5). On
23 June 7, 2016, Judge Gonzalez issued an Order sua sponte dismissing the First Amended
24 Complaint for failure to state a claim. (ECF No. 7).

25      On July 12, 2011, Plaintiff filed a Second Amended Complaint. (ECF No. 8).
26 On August 9, 2011, Judge Gonzalez issued an Order sua sponte dismissing Defendant
27 Narvis from the litigation and dismissing Plaintiff's Eighth Amendment and access to
28 courts claims. (ECF No. 9).

On October 31, 2011, Defendants G J Giurbino, P. Kuzil-Ruan, and Domingo Uribe, Jr. filed a motion to dismiss the Second Amended Complaint. (ECF No. 18). On February 14, 2012, Judge Gonzalez issued an Order granting the motion in part and denying the motion in part. (ECF No. 33). The Court granted the motion as to Plaintiff's claims under the First and Fourteenth Amendments, dismissed all claims against Defendants Giurbino and Uribe, and denied the motion to dismiss the claims under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA").

On November 13, 2012, Defendant Kuzil-Ruan moved for summary judgment. (ECF No. 74). On February 26, 2013, Judge Gonzalez issued an Order granting summary judgment in favor of Defendant Kuzil-Ruan. (ECF No. 96).

On March 27, 2013, Plaintiff filed a notice of appeal. (ECF No. 100). On August 31, 2015, the United States Court of Appeals for the Ninth Circuit issued an Order affirming in part, reversing in part, vacating in part, and remanding for further proceedings. (ECF No. 112). The Court of Appeals affirmed the dismissal of Plaintiff's Eighth Amendment outdoor exercise claim and Plaintiff's access to courts claim. The Court of Appeals reversed the dismissal of Plaintiff's First Amendment claim. The Court of Appeals vacated the dismissal of claims against Defendants Giurbino and Uribe in their individual capacities, stating, "On remand, Rogers may request leave to amend his complaint regarding Giurbino and Uribe." *Id.* ¶ 5. The Court of Appeals reversed the grant of summary judgment as to Defendant Kuzil-Ruan on Plaintiff's RLUIPA claim for injunctive relief only. The Court of Appeals directed the district court on remand to address whether Defendants are entitled to qualified immunity and whether Plaintiff's claim for injunctive relief is moot. The Court of Appeals also ordered that "the district court should allow Rogers the benefit of its grant of his motion to compel discovery" on remand.

On January 19, 2016, Plaintiff filed the Third Amended Complaint ("TAC"), alleging claims against Defendants Giurbino, Uribe, and Kuzil-Ruan under the First

Amendment and RLUIPA. (ECF No. 128). On February 1, 2016, Defendants Giurbino and Uribe filed a motion to dismiss. (ECF No. 129). Also on February 1, 2016, Defendant Kuzil-Ruan filed a motion to dismiss. (ECF No. 131). Plaintiff filed an opposition to the motions to dismiss. (ECF No. 140). Defendants Giurbino and Uribe filed a reply. (ECF No. 132).

On July 22, 2016, United States Magistrate Judge Ruben B. Brooks issued the Report and Recommendation. (ECF No. 145). The Report and Recommendation recommends that the Court dismiss the First Amendment claims for damages and injunctive relief against all Defendants in their individual capacity based on qualified immunity; dismiss the RLUIPA claim for damages against all Defendants without leave to amend; dismiss the First and Amendment and RLUIPA claims for injunctive relief against all Defendants in their official capacity as moot with leave to amend.

On August 22, 2016, Plaintiff filed objections to the Report and Recommendation. (ECF No. 147). On August 31, 2016, Defendant Kuzil-Ruan filed a reply. (ECF No. 148). On September 2, 2016, Defendants Giurbino and Uribe filed a reply. (ECF No. 149).

## II. Discussion

The duties of the district court in connection with a Report and Recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 1. Claims Against Defendant Giurbino in his Individual Capacity

Plaintiff contends that the Magistrate Judge erred in recommending that the claims against Defendant Giurbino in his individual capacity be dismissed. Plaintiff contends that the facts alleged in the TAC are sufficient to show that Defendant Giurbino "omitted to perform an act which he was legally required to do that caused the

deprivation of which [the] complaint is made."  (ECF No. 147 at 2).

The Court has reviewed the Report and Recommendation, the objections, and the submissions of the parties.  The Court concludes that the Magistrate Judge correctly found that based on the allegations of the TAC, the Court cannot draw a reasonable inference that Defendant Giurbino was personally involved in any violation of Plaintiff's constitutional rights.  The Court concludes that the Magistrate Judge correctly concluded that Plaintiff failed to state individual capacity claims against Defendant Giurbino.  All claims against Defendant Giurbino in his individual capacity is dismissed.

**2. Defendants' Immunity from Monetary Damages**

Plaintiff contends that "as it concerns Defendants' immunity from monetary damages, it is within the Court's jurisdiction to guarantee that Rogers' constitutional rights are not forbidden by direction of entered decree with the Defendants in order to guarantee any more unconstitutional behavior by CDCR."  (ECF No. 147 at 3). Plaintiff's objections to the Report and Recommendation do not address the conclusion of the Magistrate Judge that claims for money damages against state officials sued in their official capacity are barred by the Eleventh Amendment.

The Court has reviewed the Report and Recommendation, the objections, and the submissions of the parties.  The Court concludes that the Magistrate Judge correctly concluded that, under the Eleventh Amendment, Defendants are immune from claims for money damages against Defendants in their official capacity.  All claims for money damages against Defendants in their official capacity are dismissed.

**3. RLUIPA Claims Against Defendants in Their Individual Capacity**

Plaintiff contends that he is seeking only injunctive relief under RLUIPA. However, in his objections to another section of the Report and Recommendation, Plaintiff contends that his claim for damages survives.  *See* ECF No. 147 at 5.

The Court has reviewed the Report and Recommendation, the objections, and the submissions of the parties.  The Court concludes that the Magistrate Judge correctly

concluded that claims for money damages against prison officials in their individual capacities under RLUIPA are not available. The RLUIPA claims against all Defendants in their individual capacities are dismissed with prejudice.

### 4. RLUIPA Claims for Injunctive Relief

Claims under RLUIPA seeking money damages are not available against prison officials in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Plaintiff may not recover damages for claims under RLUIPA against Defendants in their official or individual capacity and may only seek equitable relief against Defendants in their official capacity. *See Gray v. Lewis*, Case No. 13-cv-04929-SI, 2015 WL 3957865, at * 4 (N.D. Cal. June 29, 2015). The Magistrate Judge concluded that Plaintiff's RLUIPA claim for injunctive relief is moot.

Plaintiff contends that the Magistrate Judge erred in determining that the claims for injunctive relief under RLUIPA are moot. Plaintiff contends that Defendants, each of whom have retired from the CDCR positions, should be substituted with the new officers in their positions. Plaintiff contends that his allegations are sufficient to show that the threat of injury will continue indefinitely.

The Court has reviewed the Report and Recommendation, the objections, and the submissions of the parties. The Court concludes that the Magistrate Judge correctly determined that it is "absolutely clear" that the alleged violation of Plaintiff's religious and constitutional rights at Centinela State Prison is "not reasonably [] expected to recur." *See Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

Plaintiff does not allege that any rolling lockdowns have occurred after 2011. Since filing this action, Plaintiff has been transferred from Centinela State Prison to California Men's Colony. Plaintiff's assertions that he will be transferred back to Centinela some time in the future are "too speculative to prevent mootness." *See Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995) ("Dilley has not demonstrated a reasonable

1   expectation that he will be transferred back to Calipatria and subjected again to law
2   library policies depriving him of meaningful access to the courts. . . . Dilley's claim that
3   he might be transferred back to Calipatria some time in the future is 'too speculative'
4   to prevent mootness."). The Magistrate Judge's determination that the claim for
5   injunctive relief is moot is supported by the authority Plaintiff cites in his objections.
6   *See Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985) ("The possibility that
7   [plaintiff] will be convicted and again sent to the maximum security unit at Soledad is
8   too speculative to rise to the level of reasonable expectation or demonstrated
9   probability, and as such cannot be the basis for a finding that the case continues to
10  present a justiciable question. . . . [W]here the complainant was no longer subject to the
11  allegedly illegal activity, the complaint for an injunction became moot.").

12       The Court concludes that the Magistrate Judge correctly concluded that based on
13  the information presented to the Court, no exception to the mootness doctrine is
14  applicable. Plaintiff's RLUIPA claims for injunctive relief against all Defendants are
15  dismissed as moot with leave to amend.

16       **5. Qualified Immunity**

17       The First Amendment claims for damages against Defendants in their official
18  capacity have been dismissed under the Eleventh Amendment. The Magistrate Judge
19  concluded that Defendants are entitled to qualified immunity on the First Amendment
20  claims against Defendants in their individual capacity.

21               **A. Staff Reduction Plan**

22       Plaintiff contends that the Defendants have not presented evidence that the Staff
23  Reduction Plan was implemented due to budget restrictions. Plaintiff contends that the
24  Staff Reduction Plan was implemented as a retaliatory measure toward inmates and
25  therefore the Staff Reduction Plan violated Plaintiff's First Amendment rights.

26       The Court has reviewed the Report and Recommendation, the objections, and the
27  submissions of the parties. Plaintiff's argument that the Staff Reduction Plan was
28  implemented for retaliation purposes, not budget restrictions, is made for the first time

in his objections to the Report and Recommendation.  The Court concludes that the Magistrate Judge correctly determined that Defendants are entitled to qualified immunity for the alleged constitutional violations resulting from the rolling lockdowns that followed the implementation of the Staff Reduction Plan.  The Court concludes that the Magistrate Judge correctly determined that Defendant Uribe is entitled to qualified immunity because he could reasonably rely on the constitutionality of the Staff Reduction Plan, the Plan does not appear to patently violate fundamental constitutional principles, and Defendant Uribe's conduct in enforcing the plan was not egregious.  The Court concludes that the Magistrate Judge correctly determined that the facts alleged in the TAC are insufficient to show that Defendant Kuzil-Ruan violated Plaintiff's constitutional rights through the Staff Reduction Plan.  The Court concludes that the Magistrate correctly determined that Defendants are entitled to qualified immunity on the implementation of the Staff Reduction Plan.

## B. Three Lockdowns Between May and August 2010

Plaintiff contends that the Magistrate Judge did not address the four *Turner* factors and that meaningful review of the factors demonstrates that Plaintiff's allegations plausibly suggest that he is entitled to relief.  Plaintiff contends that Defendants' assertion that the lockdowns were related to security concerns "does not automatically give rise to a legitimate penological interest under *Turner*."  (ECF No. 147 at 9).

The Court has reviewed the Report and Recommendation, the objections, and the submissions of the parties.  Plaintiff's arguments in his objections to the Report and Recommendation and criticism that the Magistrate Judge did not analyze the *Turner* factors go to whether Plaintiff has stated a claim for violation of the First Amendment.  *See Turner v. Safley*, 482 U.S. 78 (1987).  In this section of the Report and Recommendation, the Magistrate Judge was not addressing whether Plaintiff had stated a claim, but rather, whether Defendants were entitled to qualified immunity under the First Amendment.  Under the qualified immunity analysis, the Court determines

whether the facts alleged show that the defendant violated a constitutional right and whether the right was clearly established at the time of the defendant's alleged conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The Court concludes that the Magistrate Judge correctly determined that it was not a clearly established violation of Plaintiff's constitutional rights to impose a seven-to-ten day prison lockdown after items that posed safety threats went missing.  The Court concludes that the Magistrate correctly determined that Defendants are entitled to qualified immunity on the three lockdowns.  The motions to dismiss Plaintiff's claims against Defendants for damages and injunctive relief in their individual capacity under the First Amendment are dismissed.

**III. Conclusion**

The Magistrate Judge correctly concluded that the RLUIPA claim could only be brought against Defendants in their official capacity for injunctive relief and that the RLUIPA claim for injunctive relief was moot.  The Magistrate Judge correctly concluded that the First Amendment claims asserted against Defendants in their individual capacity are barred by qualified immunity.  The Magistrate Judge correctly concluded that the First Amendment claims for damages against Defendants in their official capacity are barred by the Eleventh Amendment and the First Amendment claim for injunctive relief is moot.

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 145) is adopted in its entirety.  The motion to dismiss (ECF No. 129) filed by Defendants Giurbino and Uribe is granted.  The motion to dismiss (ECF No. 131) filed by Defendant Kuzil-Ruan is granted.

Plaintiff's First Amendment claims against all Defendants in their individual capacity are dismissed with prejudice based on qualified immunity.  Plaintiff's RLUIPA claims for damages against all Defendants are dismissed with prejudice.  Plaintiff's RLUIPA and First Amendment claims for injunctive relief against all Defendants in their official capacity are dismissed with leave to amend.

         The Third Amended Complaint is dismissed.  Plaintiff shall have sixty (60) days

from the date this Order is filed to file a motion for leave to amend the complaint.  If

Plaintiff does not file a motion for leave to amend the  complaint within sixty (60) days

from the date this Order is filed, the Clerk of the Court shall close the case.

DATED:  September 7, 2016

**WILLIAM Q. HAYES**
United States District Judge