# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>               Plaintiff,<br>  v.<br>GJ GIURBINO, et al.,<br><br>               Defendant. | CASE NO. 11cv560-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Amend the Complaint by Filing a Fourth Amended Complaint filed by Plaintiff Tyrone Rogers. (ECF No. 151).

**I. Background**

On March 21, 2011, Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 20, 2011, United States District Judge Irma E. Gonzalez issued an Order sua sponte dismissing Plaintiff's complaint for failure to state a claim. (ECF No. 3).

On May 31, 2011, Plaintiff filed a first amended complaint. (ECF No. 5). On June 7, 2016, Judge Gonzalez issued an Order sua sponte dismissing the first amended complaint for failure to state a claim. (ECF No. 7).

On July 12, 2011, Plaintiff filed a second amended complaint. (ECF No. 8). On August 9, 2011, Judge Gonzalez issued an Order sua sponte dismissing Defendant Narvis from the litigation and dismissing Plaintiff's Eighth Amendment and access to courts claims with prejudice. Plaintiff's religious claims remained following the

Court's sua sponte screening. (ECF No. 9).

On October 31, 2011, Defendants G.J. Giurbino, P. Kuzil-Ruan, and Domingo Uribe, Jr. filed a motion to dismiss the second amended complaint. (ECF No. 18). On February 14, 2012, Judge Gonzalez issued an Order granting the motion in part and denying the motion in part. (ECF No. 33). The Court granted the motion as to Plaintiff's claims under the first and fourteenth Amendments, dismissed all claims against Defendants Giurbino and Uribe, and denied the motion to dismiss the claims under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA").

On November 13, 2012, Defendant Kuzil-Ruan moved for summary judgment. (ECF No. 74). On February 26, 2013, Judge Gonzalez issued an Order granting summary judgment in favor of Defendant Kuzil-Ruan. (ECF No. 96).

On March 27, 2013, Plaintiff filed a notice of appeal. (ECF No. 100). On August 31, 2015, the United States Court of Appeals for the Ninth Circuit issued an Order affirming in part, reversing in part, vacating in part, and remanding for further proceedings. (ECF No. 112). The Court of Appeals affirmed the dismissal of Plaintiff's eighth amendment outdoor exercise claim and Plaintiff's access to courts claim. The Court of Appeals reversed the dismissal of Plaintiff's first amendment claim. The Court of Appeals vacated the dismissal of claims against Defendants Giurbino and Uribe in their individual capacities, stating, "On remand, Rogers may request leave to amend his complaint regarding Giurbino and Uribe." *Id.* at 7. The Court of Appeals determined that Plaintiff alleged facts sufficient to pursue a cause of action for injunctive relief against Giurbino and Uribe in their official capacities. *Id.* The Court of Appeals reversed the grant of summary judgment as to Defendant Kuzil-Ruan on Plaintiff's RLUIPA claim for injunctive relief only. On remand, the Court of Appeals directed this Court to address whether Defendants are entitled to qualified immunity and whether Plaintiff's claim for injunctive relief is moot. The Court of Appeals also ordered that "the district court should allow Rogers the benefit of its grant

of his motion to compel discovery" on remand. *Id.* at 10.

On January 19, 2016, Plaintiff filed the third amended complaint, alleging claims against Defendants Giurbino, Uribe, and Kuzil-Ruan under the first amendment and RLUIPA. (ECF No. 128). On February 1, 2016, Defendants Giurbino and Uribe filed a motion to dismiss. (ECF No. 129). On February 1, 2016, Defendant Kuzil-Ruan filed a motion to dismiss. (ECF No. 131). Plaintiff filed an opposition to the motions to dismiss. (ECF No. 140). Defendants Giurbino and Uribe filed a reply. (ECF No. 132).

On July 22, 2016, United States Magistrate Judge Ruben B. Brooks issued the Report and Recommendation. (ECF No. 145). On September 7, 2016, the Court adopted the Report and Recommendation in its entirety. (ECF No. 150). The Order states,

> Plaintiff's First Amendment Claims against all Defendants in their individual capacity are dismissed with prejudice. Plaintiff's RLUIPA claims for damages against all Defendants are dismissed with prejudice. Plaintiff's RLUIPA and First Amendment claims for injunctive relief against all Defendants in their official capacity are dismissed with leave to amend.

*Id.* at 9. With regard to the RLUIPA and first amendment claims for injunctive relief, the Court found that the claims were moot but granted leave to amend. *Id.* at 8. The Court allowed Plaintiff sixty days from the date the Order was filed to file a motion for leave to amend the complaint. *Id.*

On October 31, 2016, Plaintiff filed the motion for leave to amend the complaint by filing a fourth amended complaint. (ECF No. 151). Plaintiff's motion included the statement, "Plaintiff Motion for Leave to Amend the Complaint by Filing a Forth [sic] Amended Complaint. Forth [sic] Amended Complaint filed with this motion." (ECF No. 151 at 1). The remainder of the document is the proposed fourth amended complaint. *Id.* at 2-21. Plaintiff alleges RLUIPA, first amendment and eighth amendment causes of action against Defendants Giurbino, Uribe, Kuzil-Ruan, and Kuzil-Ruan's successive captains in their individual and official capacities. *Id.* at 2.

The Court ordered that any response by the Defendants shall be filed by

1  November 21, 2016 and that any reply by the Plaintiff shall be filed by November 28,
2  2016. (ECF No. 152).

3        On November 21, 2016, Defendant Kuzil-Ruan filed a response in opposition.
4  (ECF No. 153). Kazil-Ruan contends that Plaintiff procedurally failed to comply with
5  the Court's September 7, 2016 Order because he filed only a complaint, without filing
6  an actual motion seeking leave to amend. *Id.* at 5. Kazil-Ruan contends that
7  substantively, the Complaint reasserts the same claims the Court previously dismissed
8  with prejudice and asserts new eighth amendment claims which the Court did not
9  authorize. *Id.* at 6. Kazil-Ruan contends that Plaintiff has failed to cure the deficiencies
10 of the two claims the Court denied without prejudice because "Plaintiff failed to plead
11 any facts showing that he has or will be subject to future lockdowns." *Id.*

12       Defendants Giurbino and Uribe also filed a response in opposition. (ECF No.
13 154). Giurbino and Uribe contend that Plaintiff's motion should be denied because his
14 proposed fourth amended complaint is substantially similar to his third amended
15 complaint and improperly re-alleges numerous claims that have been dismissed with
16 prejudice by this Court. (ECF No. 154 at 2). Uribe and Giurbino contend that Plaintiff
17 claims for injunctive relief are futile because Plaintiff fails to allege facts demonstrating
18 that the claims are not moot. *Id.* Uribe and Giurbino contend that Plaintiff's new
19 retaliation claim is futile because it fails to state a claim under the first amendment. *Id.*

20       Plaintiff filed a reply which the Court accepted nunc pro tunc on December 12,
21 2016. (ECF No. 155). Plaintiff contends that the proposed fourth amended complaint
22 is essentially different from his third amended complaint and unequivocally cures the
23 defects in his previous complaint. *Id.* Plaintiff contends that he has cured the defects
24 of the prior complaint by accusing Defendant of retaliating against the level three and
25 four inmates. *Id.* Plaintiff contends that his fourth amended complaint is legally viable
26 for injunctive relief. *Id.*

27

28 **II. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. "[L]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "[W]e have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)*; see also Boehm v. Shemaria*, 478 Fed. App'x. 457, 457 (9th Cir. 2012). When amendment would be futile, the district court need not grant leave to amend. *Carrico v. City & Cty. of San*

*Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

The Court has reviewed the motion for leave to file a fourth amended complaint and all related filings. Plaintiff's proposed fourth amended complaint alleges three causes of action against Defendants Giurbino, Uribe, and Kuzil-Ruan and his successive captains: first amendment, eighth amendment, and RLUIPA.

### A. RLUIPA and First Amendment Claims

Plaintiff's proposed fourth amended complaint alleges RLUIPA and first amendment causes of action against Defendants. This Court previously dismissed Plaintiff's RLUIPA and first amendment claims for damages without leave to amend as to all three Defendants. The Court concludes that to the extent that Plaintiff seeks leave to amend the RLUIPA and first amendment claims for damages, Plaintiff improperly attempts to re-allege claims that have been dismissed with prejudice.[1]

In its Order dismissing the third amended complaint, the Court dismissed Plaintiff's first amendment and RLUIPA claims for injunctive relief against Defendants in their official capacity with leave to amend. (ECF No. 150 at 5-6, 8). The Court dismissed the RLUIPA claims for injunctive relief as moot because Plaintiff failed to allege that any rolling lockdowns have occurred after 2011 and Plaintiff has been transferred from Centinela State Prison to California Men's Colony. *Id.* at 5. The Court dismissed as moot the first amendment claims for injunctive relief against Defendants in their official capacity on the same grounds.[2] In Plaintiff's proposed fourth amended complaint, Plaintiff's RLUIPA and first amendment claims are

---

[1] It is unclear whether Plaintiff seeks leave to amend the RLUIPA and first amendment claims for damages. The proposed fourth amended complaint requests injunctive relief and "negotiable" damages. (ECF No. 151 at 11).

[2] The Report and Recommendation on the motions to dismiss the third amended complaint states, "[T]he Court finds that Roger's claims for injunctive relief under the First Amendment against all three Defendants in their official capacities are moot for the same reasons that his RLUIPA claims for injunctive relief are moot." (ECF No. 145 at 31 n.4). This Court adopted the Report and Recommendation in its entirey. (ECF No. 150 at 8).

premised on allegations that rolling lock downs occurred at Centinela State Prison due to the "3% + 5% Staff Redirection Plan" and caused Plaintiff "to miss schedule[d] religious services." (ECF No. 151 at 4). Plaintiff's proposed fourth amended complaint fails to allege any lock downs occurring after 2011. Plaintiff's proposed fourth amended complaint alleges that Plaintiff presently resides at California Men's Colony and that the actions complained of were directed against Plaintiff at Centinela State Prison. (ECF No. 151 at 1). Plaintiff fails to allege facts to support an inference that the mootness doctrine would not preclude the RLUIPA and first amendment claims for injunctive relief.[3] The Court concludes that Plaintiff's proposed amendments fail to correct the deficiencies identified in the Court's previous Order. *See Gompper*, 298 F.3d at 898 ("leave to amend need not be granted when amendment would be futile").

**B. Eighth Amendment and Retaliation Claims**

Plaintiff's proposed fourth amended complaint alleges an eighth amendment cause of action against Defendants, which was not present in the third amended complaint. Plaintiff alleges that the Defendant Giurbino, Director of the Division of Adult Operation for California Prison System, devised a 3% + 5% Staff Redirection Plan to retaliate the federal courts improperly intruding on the State's authority to administer its criminal justice system." (ECF No. 151 at 4). Plaintiff alleges that "Giurbino knew his retaliation 3% to 5% Staff Redirection Plan would interrupt Rogers' RLUIPA and First Amendment rights by causing Rogers to miss schedule[d] religious services such as group: worship, study, and prayer due to the 24 hour rolling lockdowns that either occurred every two or four days." *Id.* Plaintiff alleges that, "Giurbino's retaliation 3% to 5% Staff Redirection Plan is an Eighth Amendment violation infringed upon Rogers [sic] RLUIPA and First Amendment Rights." *Id.* Plaintiff alleges, "Not only did Giurbino cause Uribe, Centinela State Prison's warden, to accept and further his retaliation scheme because the federal courts improperly

---

[3] Defendant Kuzil-Ruan also states that she is retired from the CDCR and it is thus impossible for her to provide the injunctive relief Plaintiff seeks. (ECF No. 153 at 14-15).

1 intruded on the State's authority to administer its criminal justice system . . . and
2 knowing it would interrupt Rogers' RLUIPA and First Amendment rights, . . . Giurbino
3 encouraged Centinela State Prison's Captain Kuzil-Ruan to inflict constitutional
4 injury." *Id.* at 5.

5 Plaintiff's previous complaints similarly alleged facts about a Staff Redirection
6 Plan that resulted in rolling lock downs which allegedly violated Plaintiff's rights under
7 RLUIPA and the first amendment. (ECF No. 128). In previous complaints, Plaintiff
8 alleged an eighth amendment cause of action based on the denial of outdoor exercise
9 as a result of the lock downs. This Court dismissed Plaintiff's prior eighth amendment
10 claims without leave to amend. (ECF No. 9 at 5). Plaintiff now attempts to bring a new
11 eighth amendment claim by adding language to his proposed fourth amended complaint
12 to describe the Staff Redirection Plan as a retaliatory eighth amendment violation.
13 (ECF No. 151). Plaintiff fails to allege new facts in support of his new theory of
14 liability under the eighth amendment and does not provide any explanation for his
15 failure to develop these contentions in his previous four complaints. *See Bonin*, 59 F.3d
16 at 846 ("[W]e have held that a district court does not abuse its discretion in denying a
17 motion to amend where the movant presents no new facts but only new theories and
18 provides no satisfactory explanation for his failure to fully develop his contentions
19 originally.").

20 To the extent that Plaintiff attempts to bring a retaliation claim under the first
21 amendment, Plaintiff's proposed fourth amended complaint is futile and fails to state
22 a claim. "Within the prison context, a viable claim of First Amendment retaliation
23 entails five basic elements: (1) An assertion that a state actor took some adverse action
24 against an inmate (2) because of (3) that prisoner's protected conduct, and that such
25 action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the
26 action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*,
27 408 F.3d 559, 567-68 (9th Cir. 2005).

28 In this case, Plaintiff fails to allege that he engaged in any protected conduct that

caused Defendants to retaliate by implementing the Staff Redirection Plan. Plaintiff alleges that the Staff Redirection Plan "retaliates the federal courts improperly intruding on the State's authority to administer its criminal justice system." (ECF No. 151 at 5). Plaintiff's proposed amended complaint fails to state a claim for a first amendment retaliation cause of action. *See Moore*, 885 F.2d at 538 ("[L]eave to amend need not be given if a complaint, as amended, is subject to dismissal.").

Defendants have made a sufficiently strong showing of the *Foman* factors to overcome the presumption in favor of granting leave to amend under Rule 15(a). Plaintiff has been provided multiple opportunities to amend claims in his complaint and has failed to remedy the deficiencies alleged by this Court. Plaintiff continues to allege claims that have been previously dismissed with prejudice. The Court concludes that any further amendment to the complaint would be futile.

**III. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 151) is DENIED. The Clerk of the Court shall close the case.

DATED: February 2, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge